IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VIETTA L. JOHNSON, M.D., & DANIEL IVANKOVICH, M.D. | ) ) ) |
| Plaintiffs, | ) No. 08 C 2139 ) |
| vs. | ) ) ) JURY TRIAL DEMANDED |
| COUNTY OF COOK, Robert R. Simon, M.D., individually and in his official capacity, Aaron Hamb, M.D., individually and in his official capacity, Clifford Crawford, M.D., individually and in his official capacity, | ) ) ) ) ) ) ) ) ) |
| Defendant. | ) ) |

### FIRST AMENDED COMPLAINT

NOW COMES the Plaintiffs, VIETTA L. JOHNSON, M.D. and DANIEL IVANKOVICH, M.D., (hereinafter collectively referred to as "Plaintiffs") by and through their attorney, Linda C. Chatman of Marcus, Boxerman & Chatman, LLP, for their Complaint against the COUNTY OF COOK, ROBERT R. SIMON, M.D., AARON HAMB, M.D., and CLIFFORD CRAWFORD, M.D. (hereinafter referred to collectively as "Defendants").

### NATURE OF ACTION

This is an action to address and correct: 1) unlawful employment and other practices on the basis of race and sex, including but not limited to violation of Title VII of the Civil Rights Act of 1964, as amended, and the Equal Pay Act, 29 U.S.C. § 206 (d)(1); 2) the infringement of

Plaintiffs' First Amendment Right to free speech and to be free from retaliation for the exercise of that right, in violation of 42 U.S.C. 1983; 3) the violation of Plaintiffs' Fourteenth Amendment Right to Equal Protection under the Law in violation of 42 U.S.C. 1983; and 4) a conspiracy to deprive Plaintiffs' of their right to free speech, in violation of 42 U.S.C. 1985. Plaintiffs were adversely affected by Defendants' unlawful actions and seek the appropriate relief from this honorable court.

Plaintiff, Vietta L. Johnson, M.D. alleges that Defendant, County of Cook (hereinafter "Cook County"), violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §1983, 42 U.S.C. 1985 and the Equal Pay Act, 29 U.S.C. § 206 (d)(1)

Plaintiff, Daniel Ivankovich, M.D. alleges that Defendant, Cook County, violated Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. §1983 and 42 U.S.C. §1985.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.§§451,1331,1337,1343, and 1345. This action is authorized and instituted pursuant to Title VII, 42 U.S.C. § 2000e, et.seq., 42 U.S.C. §1983, 42 U.S.C. 1985 and the Equal Pay Act, 29 U.S.C. § 206 (d)(1).

2. The employment practices hereafter alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

3. More than 30 days prior to the institution of this lawsuit, Plaintiffs filed charges of discrimination with the EEOC alleging violations of Title VII and the Equal Pay Act by Defendant, County of Cook. (**See attached hereto collectively marked as Exhibit A, incorporated herein, and made a part hereof by reference.**) The U.S. Department of Justice

issued Notices of Right to Sue for Plaintiffs on April 10, 2008.**(See attached hereto collectively marked as Exhibit B, incorporated herein, and made a part hereof by reference.)** Defendant, Cook County, terminated Plaintiffs' employment on April 13, 2007, less than two years from the date of this filing, as required by Section 1983. All conditions precedent to the institution of this lawsuit have been fulfilled.

## PARTIES

4. Plaintiff, VIETTA L. JOHNSON, (hereinafter "Dr. Johnson"), was hired as the Director/Chair of the Division of Orthopedic and Podiatric Surgery at Defendant, Cook County, in February of 1998. Cook County terminated her employment, purportedly as part of a "reduction in force" on April 13, 2007.

5. Plaintiff, Daniel Ivankovich, M.D., (hereinafter "Dr. Ivankovich") was a surgeon in the Division of Orthopedic and Podiatric Surgery. Cook County terminated her employment, purportedly as part of a "reduction in force" on April 13, 2007.

6. Defendant, County of Cook (hereinafter "Cook County") has at all times relevant, operated one of the largest Public Health Systems in the country via the Cook County Bureau of Health (hereinafter the "Bureau"). The Bureau is the second largest division of Cook County Government. The Bureau has seven affiliates, including John H. Stroger Hospital Oak Forest Hospital and Provident Hospital. **(See Attached Web Page Marked Exhibit C.)**

7. Defendant, Robert R. Simon, M.D., was at all times relevant an employee of Cook County and Chief of the Bureau of Health.

8. Defendant, Aaron Hamb, M.D., was at all times relevant an employee of Cook County and Chief Medical Officer at Provident Hospital.

9. Defendant, Clifford Crawford, M.D., was at all times relevant an employee of Cook County and the Chairman of the Department of Surgery at Provident Hospital.

10. At all times relevant, Defendant Cook County has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e(b), (g) and (h).

## STATEMENT OF FACTS COMMON TO ALL COUNTS

11. Cook County is publically charged with providing health services to the more than five million people in need in Cook County, Illinois.

12. The Bureau's own mission statement says that it will ensure access to all those in need of services.

13. The Bureau has seven affiliates including: John H. Stroger, Jr. Hospital of Cook County and Provident Hospital of Cook County.

14. The Bureau's seven "affiliates" are not separate, independent entities but are all part of the Bureau.

15. The Bureau, and therefore the medical care provided by the Bureau, is supported by the citizens of Cook County via their tax dollars.

16. Historically and currently, Cook County citizens who seek health care within the Bureaus' healthcare system, have to wait an excruciatingly long period of time for urgently needed medical procedures and years for non-urgent procedures. Citizens can wait in emergency rooms for days and more than twelve (12) hours just to fill a prescription.

17. Cook County claims that the long wait times and shortages of staff and equipment

is due to lack of funding. However, the County of Cook <u>purchased and installed a computer system that did not allow for the billing of insurers and/or patients for the services that it provided</u>.

18. Cook County has a long standing policy and practice of employing certain attending and resident physicians who actually work <u>full time</u> at other institution without requiring that they spend any significant amount of time caring for the Bureau's patients.

19. Cook County has a long standing practice of paying high level administrators/executives high six figure salaries while those same administrators/executives actually work one or more additional full time jobs at other institutions. Again, Cook County's patients get the short end of the stick.

20. Cook County has a long standing practice of excluding Blacks and women from management positions in the Bureau and, most recently, have concentrated the few Black administrators and the majority of Black physicians at it affiliate, Provident Hospital.

21. Cook County has a long standing practice of underpaying and overworking Black and female physicians within the Bureau.

22. As a consequence of Cook County's discriminatory and unfair practices, the physicians at Provident Hospital began union organizing activities and have recently been successful in forming a physician union.

23. In 2007, Cook County announced a purported "reduction in force" which, by the applicable law and Cook County's own policies, require that lay-offs be carried out by seniority with the least senior employee being laid off first. It is also required that the laid-off employees be recalled prior to hiring new employees.

24. The Bureau did not produce or provide any "lay-off" plan.

25. Cook County did not carry out physician lay-offs in 2007 according to seniority.

26. In contrast to the level of cuts, Provident was the most active Bureau Affiliate in the area of Orthopedics and the most productive financially. It was the referral hospital for Stroger Hospital for fractures, joint replacement, disorders of the spine, feet and ankles. Provident Hospital was also the Orthopedic safety net for all of the south side hospitals (Michael Reese, Jackson Park, St. Bernard, Oak Forest, Trinity, South Shore and Roseland).

27. At Provident Hospital, Orthopedics led all other hospital departments for clinic billing and at one point billed nearly $400,000.00 in four (4) months, excluding clinic procedures, which totaled approximately 900 procedures in one month.

28. Still, Cook County surgically used the purported "reduction in force" to target physicians at Provident Hospital, which had a devastating effect on a disproportionate number of Black physicians and staff **(See attached letter to Todd Stroger Marked Exhibit D)**.

29. On April 13, 2007, Cook County "laid off" Dr. Johnson and Dr. Ivankovich, in violation of the requirement that layoffs proceed from the least senior to the most senior.

30. Cook County did not even interview Dr. Johnson and Dr. Ivankovich for open positions prior to the "lay off", as required and as afforded other Cook County employees; Cook County scheduled the interviews several times but cancelled them each time. Cook County had no intention offering Dr. Johnson and Ivankovich any open position or recalling them from the lay off.

31. In order to get rid of Dr. Johnson and Dr. Ivankovich, Cook County actually obliterated the entire Division of Orthopedic and Podiatric Surgery at Provident Hospital, even

though that division provided a huge percentage of the Orthopedic and Podiatric services to the poor and needy on the South Side of Chicago, as noted in paragraph 27 above, and with utter disregard for the health and welfare of that community which it was supposed to serve.

32. While Cook County claimed to discontinue Orthopedics at Provident Hospital, its words were false and its actions were pretextual, which was evidenced when the Bureau kept the one podiatrist on staff and kept most if not all of the Orthopedic support staff, among other things.

33. Dr. Johnson and Dr. Ivankovich filed grievances against Cook County for their wrongful "layoff"/termination stating that Cook County had wrongfully ignored their seniority and wrongfully targeted them for termination for exercising their right to free speech in supporting the physicians' union organizing activities and being critical of actions on the part of Cook County that were detrimental to the health and welfare of Cook County's patients. Cook County denied Dr. Johnson's and Dr. Ivankovich's grievances, ignoring the question of seniority, discrimination and retaliation.

## COUNT I
### Vietta L. Johnson, M.D.'s Claim Against the Cook County for Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended

34. Plaintiff, Vietta L. Johnson, M.D., incorporates by reference paragraphs 1 thru 33.

35. Defendant, Cook County, is an employer as defined by Title VII of the civil rights act of 1964, as amended, and unlawfully discriminated against Plaintiff based upon her race by: (1) paying her less than her non-Black colleagues and subordinates with inferior credentials and less seniority; (2) subjecting her to unfounded and unsubstantiated verbal attacks regarding her

competency and productivity while not subjecting her non-Black colleagues to the same; (3) marginalizing and undermining her role as Chairman of the Division of Orthopedic and Podiatric Surgery while not subjecting her non-Black colleagues to the same; (4) subjecting her to a hostile work environment; and (5) terminating her employment under the guise of a "reduction in force" with utter disregard for her seniority and productivity, in violation of the rules governing such "reduction in force" in the Bureau, whereas her non-Black colleagues were not so laid off.

36. As a result of Cook County's illegal acts, Plaintiff was deprived of her right to be free from racial discrimination in the workplace.

37. In direct violation of Title VII of the Civil Rights Act of 1964, as amended, Cook County, by its agents and employees, engaged in race discrimination as described in the attached Charge of Discrimination.

38. As a result of Cook County's conduct, as aforesaid, Plaintiff has suffered injury to her career as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and non-pecuniary losses for which she is entitled to compensatory damages pursuant to Title VII of the Civil Rights Act of 1964, as amended

WHEREFORE, Plaintiff, Vietta L. Johnson, M.D., prays for Judgment against Cook County, as follows:

A. For an award of compensatory damages for Plaintiff's injury to her career, back pay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits in excess of $75,000.00

B. For Attorneys Fees and costs of this suit, including expert witness fees;

    C.      Front Pay;

    D.      Pre-judgment interest in an amount to be determined at the time of trial; and

    E.      For such other relief as is just and equitable.

### COUNT II
**Vietta L. Johnson, M.D.'s Claim Against Cook County for Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended and the Equal Pay Act, 29 U.S.C. § 206 (d)(1)**

39. Plaintiff incorporates by reference paragraphs 1 thru 38.

40. As a result of Cook County's discriminatory acts, Plaintiff received disparate treatment, including but not limited to: 1) being repeatedly and publically attacked regarding her competency and productivity with no foundation whatsoever while her male colleagues were never so questioned; 2) being paid less than her male colleagues and subordinates (with inferior credentials and less seniority; and 3) being subjected to inappropriate remarks by her superior, Clifford Crawford, M.D., e.g., " Why don't you just go home and be a mother?"

41. In direct violation of Title VII of the Civil Rights Act of 1964, as amended, and the Equal Pay Act, Cook County, by its agents and employees, engaged in Sex Discrimination as described in the attached Charge of Discrimination.

42. As a result of Cook County's conduct, as aforesaid, Plaintiff has suffered injury to her career as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and non-pecuniary losses for which she is entitled to compensatory damages pursuant to Title VII of the Civil Rights Act of 1964, as amended

**WHEREFORE,** Plaintiff, Vietta L. Johnson, M.D., prays for Judgment against Cook County as follows:

A. For an award of compensatory damages for Plaintiff's injury to her career, back pay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits in excess of $75,000.00.

B. For Attorneys Fees and costs of this suit, including expert witness fees;

C. Front Pay;

D. Pre-judgment interest in an amount to be determined at the time of trial; and

E. For such other relief as is just and equitable.

**COUNT III**
**Vietta L. Johnson, M.D.'s and Daniel Ivankovich, M.D.'s Claim Against Cook County, Robert R. Simon, M.D., Aaron Hamb, M.D. and Clifford Crawford, M.D. for infringement upon their First Amendment Right to Free Speech and to be Free From Retaliation for the Exercise of that Right**

43. Plaintiffs, Vietta L. Johnson, M.D. and Daniel Ivankovich, M.D. hereby incorporate by reference paragraphs 1 thru 42.

44. Plaintiffs were: 1) openly and vociferously supportive of the physicians' union organizing activities; 2) critical of the Bureau's inability to bill for services provided; 3) critical of the lack of resources earmarked for direct patient care; 4) critical of the large amount of resources earmarked for non-patient care and executive/management salaries; 5) critical of the disparities in the salaries and other treatment of Black and female physicians as opposed to non-Black and male physicians.

45. As a consequence of Plaintiffs' exercise of their freedom of speech in the above

10

noted areas, Defendants targeted Plaintiffs for discriminatory treatment and retaliation, including the termination of their employment under the guise of a "reduction in force".

46. The unlawful employment practices by the individual Defendants, complained of above, were intentional.

47. By virtue of the foregoing, Cook County, Robert R. Simon, M.D., Aaron Hamb, M.D. and Clifford Crawford, M.D., acting under color of law, has infringed upon Plaintiffs' right to freedom of speech, as guaranteed by the First Amendment to the Constitution of the United States and unlawfully retaliated against them for exercising that right, in violation of 42 U.S.C. 1983.

48. Because of the individual Defendants', Robert R. Simon, M.D., Aaron Hamb, M.D. and Clifford Crawford, M.D.'s, reckless disregard and deliberate practice of discriminating against Plaintiffs, punitive damages are appropriate and should be awarded to punish the individual Defendants' behavior and deter future misconduct.

WHEREFORE, Plaintiffs, Vietta L. Johnson, M.D. and Daniel Ivankovich pray for Judgment against Cook County, Robert R. Simon, M.D., Aaron Hamb, M.D. and Clifford Crawford, M.D, as follows:

A. For an award of compensatory damages in an amount to be determined at trial, not less than $500,000.00.

B. For Attorneys Fees and costs of this suit, including expert witness fees;

C. Punitive Damages against individual Defendants only; and

D. For such other relief as is just and equitable.

### COUNT IV
**Vietta L. Johnson, M.D.'s and Daniel Ivankovich, M.D.'s Claim Against Cook County, for violating their Fourteenth Amendment Right to Equal Protection**

49. Plaintiffs, Vietta L. Johnson, M.D. and Daniel Ivankovich, M.D. hereby incorporate by reference paragraphs 1 thru 48.

50. Plaintiffs were: 1) openly and vociferously supportive of the physicians' union organizing activities; 2) critical of the Bureau's inability to bill for services provided; 3) critical of the lack of resources earmarked for direct patient care; 4) critical of the large amount of resources earmarked for non-patient care and executive/management salaries; 5) critical of the disparities in the salaries and other treatment of Black and female physicians as opposed to non-Black and male physicians.

51. As a consequence of Plaintiffs' exercise of their freedom of speech, as noted above, Defendants targeted Plaintiffs for discriminatory treatment and retaliation, including the termination of their employment under the guise of a "reduction in force".

52. By virtue of the foregoing, Cook County, acting under color of law, has violated Plaintiffs' right to equal protection of the law, as guaranteed by the Fourteenth Amendment to the Constitution of the United States, thereby violating 42 U.S.C. 1983.

WHEREFORE, Plaintiffs, Vietta L. Johnson, M.D. and Daniel Ivankovich pray for Judgment against Cook County as follows:

A. For an award of compensatory damages in an amount to be determined at trial, not less than $500,000.00.

B. For Attorneys Fees and costs of this suit, including expert witness fees; and

C. For such other relief as is just and equitable.

## COUNT V
**Vietta L. Johnson, M.D.'s and Daniel Ivankovich's Claim Against Robert R. Simon, M.D., Aaron Hamb, M.D. and Clifford Crawford, M.D. for conspiracy to deprive Plaintiffs' of their Right to Free Speech and Equal Protection Under the Law, Pursuant to 42 U.S.C. 1985**

53. Plaintiffs, Vietta L. Johnson, M.D. and Daniel Ivankovich, M.D. hereby incorporate by reference paragraphs 1 thru 52.

54. The decision to feign the discontinuation of the Orthopedic and Podiatric Surgery Division at Provident Hospital and to wrongfully terminate Dr. Johnson's and Dr. Ivankovich's employment was planned, agreed to and implemented in concert by Robert R. Simon, M.D., Aaron Hamb, M.D., and Clifford Crawford, M.D.

55. Prior to the "lay-offs" on April 13, 2007, Dr. Simon's agent, the Chief of Orthopedics at Stroger Hospital, Mark Gonzalez, M.D., told Dr. Ivankovich that Cook County would keep him on but "just wanted to get rid of Dr. Johnson" because she was a "trouble maker". Dr. Gonzalez then asked Dr. Ivankovich to write a letter to Richard Keen, M.D., the then Cook County Bureau Chief of Surgery, supportive of the current administration but not supportive of Dr Johnson.

56. Dr. Ivankovich did write a letter, but he praised Dr. Johnson and described her dedication to Cook County and recited all of the good work that she had done individually and in conjunction with him and others.

57. Shortly after writing that letter, Cook County notified Dr. Ivankovich that he was being terminated due to "budget cuts".

58. The true reason for the Dr. Johnson's and Dr. Ivankovich's termination was their vocal support for the unionization of physicians at Provident, their protestation of disproportionate

13

and unfair cuts at Provident, and their complaints regarding financial mismanagement and abuse at Cook County, as set out above.

59. Robert R. Simon, M.D., Aaron Hamb, M.D. and Clifford Crawford, M.D., wrongfully conspired and agreed among themselves to rid themselves and Cook County of Dr. Johnson and Dr. Ivankovich.

60. By virtue of the foregoing, Robert R. Simon, M.D., Aaron Hamb, M.D. and Clifford Crawford, M.D., acting under color of law, has violated Plaintiff's right to freedom of speech, as guaranteed by the First Amendment to the Constitution of the United States, thereby violating 42 U.S.C. 1985.

61. By virtue of the foregoing, Cook County Bureau of Health Services, Robert R. Simon, M.D., Aaron Hamb, M.D. and Clifford Crawford, M.D., acting under color of law, has violated Plaintiffs' right to equal protection of the law, as guaranteed by the Fourteenth Amendment to the Constitution of the United States, thereby violating 42 U.S.C. 1985.

62. Because of Robert R. Simon, M.D., Aaron Hamb, M.D. and Clifford Crawford, M.D.,'s reckless disregard and deliberate practice of discriminating against Plaintiffs, punitive damages are appropriate and should be awarded to punish their behavior and deter future misconduct.

WHEREFORE, Plaintiffs, Vietta L. Johnson, M.D. and Daniel Ivankovich pray for Judgment against Robert R. Simon, M.D., Aaron Hamb, M.D. and Clifford Crawford, M.D, as follows:

A. For an award of compensatory damages in an amount to be determined at trial, not less than $500,000.00.

B. For Attorneys Fees and costs of this suit, including expert witness fees;

C. Punitive Damages; and

D. For such other relief as is just and equitable.

### COUNT VI
**Daniel Ivankovich, M.D.'s Claim Against the Cook County Bureau of Health Services for Race/Sex Discrimination/Retaliation in Violation of Title VII of the Civil Rights Act of 1964, as amended**

63. Plaintiff, Daniel Ivankovich, M.D., hereby incorporate by reference paragraphs 1 thru 62.

64. Dr. Ivankovich witnessed and publically protested Cook County's unlawfully discrimination against Dr. Johnson based upon her race (Black) and sex (Female) in violation of Title VII of the Civil Rights Act of 1964, as amended, including but not limited to (1) paying her less than her non-Black colleagues and subordinates with inferior credentials and less seniority; (2) subjecting her to unfounded and unsubstantiated verbal attacks upon her competency and productivity while not subjecting her non-Black colleagues to the same; (3) marginalizing and undermining her role as Chairman of the Division of Orthopedic and Podiatric Surgery while not subjecting her non-Black colleagues to the same; and (4) subjecting her to a hostile work environment; and (5) terminating her employment under the guise of a "reduction in force" with utter disregard for her seniority and productivity, in violation of the rules governing such "reduction in force" at Cook County, whereas her non-Black colleagues were not so laid off.

65. Dr. Ivankovich openly associated with Dr. Johnson, supported her and refused to unfairly criticize or attack her competency and productivity.

66. In retaliation for Dr. Ivankovich's association with and support of Dr. Johnson, he was, by association, discriminated against and terminated from his employment under the guise of a "reduction in force".

67. In direct violation of Title VII of the Civil Rights Act of 1964, as amended, Cook County, by and through its agents and employees, engaged in race discrimination, sex discrimination and retaliation, as described in the attached Charge of Discrimination.

68. As a result of Cook County's retaliatory conduct, as aforesaid, Dr. Ivankovich has suffered injury to his career as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and non-pecuniary losses for which he is entitled to compensatory damages pursuant to Title VII of the Civil Rights Act of 1964, as amended

WHEREFORE, Plaintiff, Daniel Ivankovich, M.D., prays for Judgment against the Cook County, as follows:

A. For an award of compensatory damages for Plaintiff's injury to his career, back pay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits in excess of $75,000.00;

B. For Attorneys Fees and costs of this suit, including expert witness fees;

C. Front Pay;

D. Pre-judgment interest in an amount to be determined at the time of trial; and

E.  For such other relief as is just and equitable

Respectfully submitted,

_____
One of the Attorneys for Plaintiff

Linda C. Chatman
**MARCUS, BOXERMAN & CHATMAN, LLP**
19 S. LaSalle
Suite 1500
Chicago, Illinois 60603
312-917-1005