IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VIETTA L. JOHNSON, M.D., DANIEL IVANKOVICH, M.D., | ) ) ) |
| Plaintiffs, | ) ) |
| V. | ) No. 08 C 2139 ) |
| COUNTY OF COOK | ) Judge Castillo ) ) |
| Defendant. | ) ) |

## NOTICE OF MOTION

**TO:**   **ELECTRONIC FILING AND U.S. MAIL**
Linda C. Chatman
Marcus, Boxerman & Chatman
19 S. LaSalle St.
Suite 1500
Chicago, IL 60603

**PLEASE TAKE NOTICE** that on July 9, 2008, at 9:45 A.M., or as soon thereafter as the motion may be heard, I shall appear before the Honorable Judge Ruben Castillo or any judge sitting in his stead in Room 2141 in the United States District Court for the Northern District of Illinois, Eastern Division at 219 South Dearborn, Chicago, Illinois and present the attached Defendant's Motion To Dismiss Plaintiffs' First Amended Complaint and Memorandum of Law In Support of Defendant's Motion to Dismiss Plaintiff's First Amended Complaint a copy of which is attached hereto and served upon you. Courtesy copies delivered to the Court at the time of filing.

## CERTIFICATE OF SERVICE

I, Jamieson B. Bowman, Assistant State's Attorney, certify that I served a copy of the foregoing by mailing a copy of the same to the above listed person at the above listed address(es) by depositing same in the U.S. Mail at 500 Richard J. Daley Center, Chicago, Illinois 60602, before 5:00 p.m. on July 3, 2008, and by filing a copy electronically with the Clerk of the Court.

RICHARD A. DEVINE
State's Attorney of Cook County

By:   S/Jamieson B. Bowman
Jamieson B. Bowman
Assistant State's Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VIETTA L. JOHNSON, M.D., DANIEL IVANKOVICH, M.D., <br><br>   Plaintiffs, <br><br> V. <br><br> COUNTY OF COOK <br><br>   Defendant. | ) <br> ) <br> ) <br> ) <br> ) No. 08 C 2139 <br> ) <br> ) Judge Castillo <br> ) <br> ) <br> ) |

## DEFENDANT'S MOTION TO DISMISS
## PLAINTIFFS' FIRST AMENDED COMPLAINT

**NOW COMES** the Defendant, The County of Cook, Cook County Bureau of Health Services by their attorney, RICHARD A. DEVINE, State's Attorney of Cook County, through his assistant, JAMIESON B. BOWMAN, Assistant State's Attorney, and hereby move this Honorable Court, to dismiss Counts III, IV, V and dismiss Plaintiffs' prayer for punitive damages, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

A. Plaintiffs' original complaint was filed April 14, 2008 and contained Plaintiffs Vietta Johnson, Daniel Ivankovich and Karen Nash.

B. Defendant filed a motion to dismiss on June 5, 2008, which was granted, without prejudice to refilling, on June 11, 2008.

C. Plaintiffs' first amended complaint was filed on June 25, 2008, before this Honorable Court. Plaintiffs' first amended complaint removed Karen Nash, M.D., as a party to the complaint.

D. The allegations relating to Dr. Nash were filed on June 26, 2008, by Linda C. Chatman of Marcus, Boxerman & Chatman, LLP, under case number 08 CV 3648 and are currently docketed before Judge James Zagel.

E. Plaintiffs have filed an amended six count complaint against the County of Cook, Cook County Bureau of Health Services alleging unlawful employment practices under, Title VII of the Civil Rights Act of 1964 and the Equal Pay Act, 29 U.S.C. § 206 (d)(1), the First

Amendment, and retaliation, in violation of 42 U.S.C. 1983, the Fourteenth Amendment Right to Equal Protection under 42 U.S.C. 1983 and conspiracy in violation of 42 U.S.C. 1985.

F. Pursuant to this Court's standing orders the moving party served the nonmoving party with a concise letter summarizing the legal and factual grounds for the motion to dismiss Plaintiffs' complaint, with references to supporting authorities, and via phone made a sincere effort to resolve issues relating to the motion.

G. Counts III, IV and V should be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(1), because this Court lacks subject matter jurisdiction over Plaintiffs' claims. Plaintiffs repeatedly argue that they were targeted for termination for exercising their right to free speech in supporting the physicians' union organizing activities. The NLRB has primary and exclusive jurisdiction over claims relating to unfair labor practices and anti-union animus for the reasons stated in the attached Memorandum of Law which is incorporated by reference into this motion to dismiss..

H. Counts III and IV are brought pursuant to the First Amendment Right to Free Speech, Freedom from Retaliation and Equal Protection. Plaintiffs have plead themselves out of their due process claim by demonstrating under the third prong of § 1983 that due process was provided to them through a grievance process.

I. In Counts III, IV and V, Plaintiffs allege that due to their exercise of free speech "Defendants targeted Plaintiffs for discriminatory treatment and retaliation including termination of their employment under the guise of a 'reduction in force'". As employees of the County, who were speaking in their capacity as Doctors employed by the County, Plaintiffs are not afforded protection under the First Amendment. Plaintiffs are not entitled to relief pursuant *Garcetti*. Plaintiffs cannot satisfy the necessary elements under 42 U.S.C. 1983, for the reasons stated in the attached Memorandum of Law which is incorporated by reference into this motion to dismiss.

J. Count V is brought pursuant to 42 U.S.C. 1985 alleging conspiracy. Count V is insufficient because Plaintiffs cannot demonstrate that the named defendants reached an understanding. Moreover, the intra-corporate conspiracy doctrine bars Plaintiffs' *§ 1985* claims for the reasons stated in the attached Memorandum of Law which is incorporated by reference into this motion to dismiss.

K. The Supreme Court has ruled that a municipality is immune from punitive damages under § 1983. Therefore, Plaintiffs' prayer for punitive damages should be stricken.

Defendants, now move to dismiss Plaintiffs' First Amended Complaint for the above reasons and the reasons set forth in the <u>Memorandum in Support of Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint</u>.

                Respectfully Submitted,
                State's Attorney of Cook County

      By:  S/Jamieson B. Bowman
          Jamieson B. Bowman
          Assistant State's Attorney
          Labor/Employment Section
          500 Richard J. Daley Center
          Chicago, Illinois 60602
          (312) 603-5668

## CERTIFICATE OF SERVICE

I, Jamieson B. Bowman, Assistant State's Attorney, certify that I served a copy of the foregoing by mailing a copy of the same to the Plaintiffs' attorney by depositing same in the U.S. Mail at 500 Richard J. Daley Center, Chicago, Illinois 60602, before 5:00 p.m. on July 3, 2008, and by filing a copy electronically with the Clerk of the Court.

                S/Jamieson B. Bowman
                **Jamieson B. Bowman**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VIETTA L. JOHNSON, M.D., DANIEL IVANKOVICH, M.D., <br><br> Plaintiffs, <br><br> V. <br><br> COUNTY OF COOK <br><br> Defendant. | No. 08 C 2139 <br><br> Judge Castillo |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S
### MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

**NOW COMES** the Defendant, County of Cook, by their attorney, RICHARD A. DEVINE, State's Attorney of Cook County, through his assistant, JAMIESON B. BOWMAN, Assistant State's Attorney, and hereby move this Honorable Court, dismiss Counts III, IV, V and dismiss Plaintiffs' prayer for punitive damages, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and in support of this motion, state as follows:

### INTRODUCTION

Plaintiffs' original complaint was filed April 14, 2008 and contained Plaintiffs Vietta Johnson, Daniel Ivankovich and Karen Nash. Defendant filed a motion to dismiss on June 5, 2008, which was granted, without prejudice to refilling, on June 11, 2008.

Plaintiffs' first amended complaint was filed on June 25, 2008, before this Honorable Court. Plaintiffs' first amended complaint removed Karen Nash, M.D., as a party to the complaint. The allegations relating to Dr. Nash were filed on June 26, 2008, by Linda C. Chatman of Marcus, Boxerman & Chatman, LLP, under case number 08 CV 3648 and are currently docketed before Judge James Zagel.

Plaintiffs' first amended complaint alleges 1) unlawful employment practices on the basis of race and sex, under Title VII of the Civil Rights Act of 1964, as amended, and the Equal Pay Act, 29 U.S.C. § 206 (d)(1); 2) the infringement of Plaintiffs' First Amendment Right and freedom from retaliation, in violation of 42 U.S.C. 1983; 3) violation of Plaintiffs' Fourteenth Amendment Right to Equal Protection under 42 U.S.C. 1983; and 4) conspiracy to deprive Plaintiffs' of their right to free speech, in violation of 42 U.S.C. 1985.

## STANDARD OF REVIEW

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court must dismiss a claim if it lacks subject matter jurisdiction over such claim. FED. R. CIV. P. 12(b)(1). Where a court dismisses a case for lack of subject matter jurisdiction over a claim, it must do so without reaching the merits. *Winslow v. Walters*, 815 F.2d 1114, 1116 (7th Cir. 1987).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must dismiss a claim if as a matter of law there is no set of facts the Plaintiff could prove consistent with the pleadings that would entitle the Plaintiff to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 104 S.Ct 2229 (1984). When considering a motion to dismiss, a court must accept the Plaintiff's allegations as true, and view them, along with any reasonable inferences drawn from them, in the light most reasonable to the Plaintiff. *Hishon*, 467 U.S. at 73; *Baxter by Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728 (7th Cir. 1994). Further, a court should avoid straining to find inferences not plainly apparent from the face of the complaint. *Coates v. Illinois State Bd. of Educ.*, 559 F.2d 445 (7th Cir. 1977). Thus, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Wright v. Glover*, 778 F.Supp. 418, 419 (N.D. Ill. 1991).

Under the federal rule of notice pleading, "all the Rules require is a short and plain statement of the claim that will give the defendant fair notice of what the Plaintiff's claim is and

the grounds upon which it rests. " *Leatherman v. Tarrant County Narcotics Intelligence & Coord. Unit*, 507 U.S. 163 (1993). For fair notice to be given, a complaint must at least include the operative facts which the Plaintiff bases his claim. *Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1986)*. A Plaintiff can plead conclusions but the conclusions must give defendants minimal notice of the claim. *Jackson v. Marion County, 66 F.3d 151, 153 (7th Cir. 1995)*. Although Federal Rule of Civil Procedure 8(a)(2) requires only that a Plaintiff's complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' by going beyond the bare minimum, a Plaintiff may plead herself out of court." *Warzon v. Drew*, 60 F.3d 1234, 1239 (7th Cir. 1995).

## JURISDICTION

**Counts III, IV and V: Plaintiffs'** *Section* **1983 First Amendment Retaliation and Equal Protection claims should be dismissed because this Court lacks jurisdiction over Plaintiffs' claims.**

Counts III, IV and V should be dismissed because this Court lacks subject matter jurisdiction over Plaintiffs' claims. The NLRB has primary and exclusive jurisdiction over claims relating to unfair labor practices and anti-union animus. *San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959), *Keehr v. Consolidated Freightways*, 825 F.2d 133, 136 (7th Cir. 1987). In this case, Plaintiffs allege in paragraph 22 that "the physicians at Provident hospital began union organizing activities and have recently been successful in forming a physician union. *(Pl. Complt. ¶22)* Plaintiffs continue to claim anti-union animus in paragraph 33, where they state that "Cook County had wrongfully ignored their seniority and wrongfully targeted them for termination for exercising their right to free speech in supporting the physicians' union organizing activities. *(Pl. Complt. ¶33)* The forgoing anti-union allegations were incorporated by reference within Counts III, IV and V. Plaintiffs continue to oppose this Courts jurisdiction in the body of Counts III and IV stating that they were "openly and

vociferously supportive of the physicians' union organizing activities." (*Pl. Complt.* ¶¶ 44, 50) Likewise the allegations in Count V demonstrate that this claim is about union animus. Plaintiffs claim that "prior to the 'layoffs' on April 13, 2007, Dr. Simon's agent, the Chief of Orthopedics at Stroger Hospital, Mark Gonzalez, M.D., told Dr. Ivankovich that Cook County would keep him on but 'just wanted to get rid of Dr. Johnson' because she was a trouble maker'. These allegations concern the union activity and alleged anti-union animus, thus, any violations fall under the exclusive jurisdiction of the NLRB. Since Plaintiffs' have not appeared before any labor relations board regarding this matter, therefore, Counts III, IV and V should be dismissed as to each defendant.

## **REMAINING COUNTS**

**COUNTS III, IV and V: Plaintiffs'** *Section 1983* **First Amendment claims should be dismissed pursuant to the United States Supreme Court's ruling in** *Garcetti v. Ceballos*

In Counts III and IV Plaintiffs allege that due to their exercise of free speech "Defendants targeted Plaintiffs for discriminatory treatment and retaliation including termination of their employment under the guise of a 'reduction in force'". (*Pl. Complt.* ¶¶45, 51,) In Count V Plaintiffs allege that Cook County "just wanted to get rid of Dr. Johnson because she was a trouble maker". (*Pl. Complt.* ¶ 55) While Defendant does not admit to any managerial discipline or retaliation related to Plaintiffs' actions in this case, the case of *Garcetti v. Ceballos*, is dispositive of Plaintiffs' First Amendment claims in this case. Essentially, the United States Supreme Court held in *Garcetti* that, an individual employed by the government is not acting as a citizen if he makes statements within the scope of his employment. Therefore, under *Garcetti*, Plaintiffs' statements do not garner First Amendment protection. The Supreme Court held that,

> when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline. *Garcetti, et al., v. Ceballos*, 126 S. Ct. 1951, 1960, 164 L. Ed. 2d 689, 701 (2006)

and that,

> [p]roper application of our precedents thus leads to the conclusion that the First Amendment does not prohibit managerial discipline based on an employee's expressions made pursuant to official responsibilities. Because Ceballos' memo falls into this category, his allegation of unconstitutional retaliation must fail. *Id* at 1961

It is undisputed, that Plaintiffs Johnson and Ivankovich were not acting as citizens but as Cook County doctors, when they were "openly and vociferously" vocal about the reductions in force, union organizing, the welfare of Cook County patients, policies affecting physicians, billing procedures for orthopedic surgeries, and salaries of physicians and department heads. Just as the Plaintiff in *Garcetti* wrote his disposition memo because that is part of what he was employed to do; Plaintiffs' Johnson and Ivankovich made statements regarding billing services provided by the Bureau of Health, monetary resources provided for patient care, the resources earmarked for executive/management salaries, and disparities in salaries of various employees.

> Restricting speech that owes its existence to a public employee's professional responsibilities does not infringe any liberties the employee might have enjoyed as a private citizen. It simply reflects the exercise of employer control over what the employer itself has commissioned or created. *Rosenberger v. Rector and Visitors of Univ. of Va.,* 515 U.S. 819, 833, 115 S. Ct. 2510, 132 L. Ed. 2d 700 (1995) ("[W]hen the government appropriates public funds to promote a particular policy of its own it is entitled to say what it wishes").

It is inarguable that as doctors, employed by Cook County, in the Cook County Bureau of Health Services and in Dr. Johnson's case, Director/Chair of the Division of Orthopedic and Podiatric Surgery, Plaintiffs' responsibilities included advocating for funding to their division and speaking to their professional concerns regarding their ability to care for patients. Clearly all of Plaintiffs' statements were made as doctors within the employ of the County of Cook, Bureau of Health Services and not as private citizens. As such, Plaintiffs' First Amendment claims must fail.

### COUNT III IV and V: Plaintiffs' Johnson and Ivankovich have failed to plead a cognizable *Section* 1983 Due Process claim against Defendant

To state a colorable due process claim under § 1983 a Plaintiff must plead: (1) the existence of a cognizable property interest, (2) deprivation of that interest, and (3) a denial of due process. *Licari v. City of Chicago*, 298 F.3d 664, 668 (7th Cir. 2002).

Plaintiffs have plead themselves out of the due process claim by demonstrating under the third prong of § 1983 that due process was provided to them through a grievance process. Plaintiffs claim that "Dr. Johnson and Dr. Ivankovich filed grievances against the Cook County for their wrongful 'layoff'/termination stating that Cook County had wrongfully ignored their seniority and wrongfully targeted them for termination for exercising their right to free speech . . . Cook County denied Dr. Johnson's and Dr. Ivankovich's grievances, ignoring the question of seniority, discrimination and retaliation." (*Pl. Complt.* ¶33) Despite Plaintiffs' beliefs regarding the outcome and the reasons for the denial of their claims they did receive a grievance hearing regarding the reduction in force. This hearing is a demonstration of due process which negates their claims under § 1983. Plaintiffs' claims should be dismissed because of the above arguments.

Moreover, the reduction in force was not a layoff. Seniority rules only apply to doctors when a county layoff occurs. However, the procedure created for layoffs which was based on seniority was not applicable in the instant case. The entire orthopedic division at Provident Hospital was eliminated due to the county wide reduction in force. Despite Plaintiffs' claims that a layoff occurred and despite any mislabeled documentation sent by the County, the reduction in force was not a layoff. Seniority rules did not apply to the reduction in force. Plaintiff's due process claim against Defendant should be dismissed.

**COUNT V: Plaintiff's *Section* 1985 Claim should be dismissed**

Plaintiffs do not specify the subsection of § 1985 upon which they base their claim. However, it appears from Plaintiffs' complaint that they seek to invoke § 1985(3), the equal protection provision, which is the only § 1985 subsection that could arguably apply in the instant case. To prevail on a § 1985(3) claim, a Plaintiff must prove, first, that the defendants conspired; second, that they did so for the purpose of depriving any person or class of persons of the equal protection of the laws; and third, that the Plaintiff was injured by an act done in furtherance of the conspiracy." *Hartman v. Bd. of Trs. of Cmty. Coll. Dist. 508*, 4 F.3d 465, 469 (7th Cir. 1993).

In order to establish a conspiracy, the Plaintiffs must demonstrate that the named defendants somehow reached an understanding to deny the Plaintiffs their constitutional rights. The Court of Appeals for the Seventh Circuit has held that, "mere allegations of a conspiracy are insufficient to withstand a motion to dismiss." *House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992)(quoting *Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1352 (7th Cir. 1985))

A complaint inadequately alleges conspiracy when the facts it alleges are vague, conclusory and include no overt acts reasonably related to the promotion of the alleged conspiracy." *Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1985). A conspiracy need not be overt, but if not, the alleged acts must be sufficient to raise the inference of mutual understanding. *Ryan v. Doria*, 1993 U.S. Dist. LEXIS 3437, 85-6 (N.D. Ill. 1993).

Plaintiffs' claim that "the decision to feign the discontinuation of the Orthopedic and Podiatric Surgery Division at Provident Hospital and to wrongfully terminate Dr. Johnson's and Dr. Ivankovich's employment was planned, agree to and implemented in concert by Robert R. Simon, M.D. Aaron Hamb, M.D., and Clifford Crawford, M.D." (*Pl. Complt.* ¶54). Plaintiffs also claim that "prior to the 'layoffs' on April 13, 2007, Dr. Simon's agent, the Chief of Orthopedics at Stroger Hospital, Mark Gonzalez, M.D., told Dr. Ivankovich that the Bureau

would keep him on but 'just wanted to get rid of Dr. Johnson' because she was a 'trouble maker'". (*Pl. Complt.* ¶55) Plaintiffs fail to allege any acts of mutual understanding between Drs. Simon, Hamb and Crawford. Furthermore, if there was a conspiracy Dr. Gonzales would be more appropriate as a named defendant in the instant case, however, Plaintiffs have failed to name him. Plaintiffs also claim that "Drs. Simon, Hamb and Crawford wrongfully conspired to rid themselves and the Bureau of Dr. Johnson and Dr. Ivankovich." (*Pl. Complt.* ¶59) This Court is not required to accept Plaintiffs' legal conclusions. *American Nurses' Ass'n v. Illinois*, 783 F.2d 716, 724 (7th Cir. 1986). Plaintiffs' complaint inadequately alleges conspiracy and should be dismissed.

**COUNT V: The intra-corporate conspiracy doctrine bars Plaintiff's *Section 1985* claim**

Plaintiffs' allegation of conspiracy in this case is barred by the intra-corporate conspiracy doctrine which precludes a suit under *Section* 1985 against the named defendants. It is undisputed that Cook County employs each of the named individual defendants. The intra-corporate conspiracy doctrine provides that a government entity cannot conspire with itself. *See, e.g., Payton v. Rush-Presbyterian-St. Luke's Medical Center*, 184 F.3d 623, 632 (7th Cir. 1999). Further, the doctrine provides that a conspiracy cannot exist solely between members of the same entity. *Wright v. Illinois Dept. of Children & Family Services*, 40 F.3d 1492, 1508 (7th Cir. 1994). The weight of authority on this issue supports the application of the doctrine under the circumstances present here. The Seventh Circuit in the *Wright* held that the intra-corporate conspiracy doctrine can be extended to bar a § 1985(2) claim against individual members of a single government entity. The *Wright* Court held,

> We believe that large bureaucratic agencies such as the DCFS are functionally the equivalent of corporations in that their employees and officials jointly endeavor to provide a product or service and reach decisions pursuant to a unified, hierarchical structure. In other words, to borrow the language of Dombrowski and Travis, the Department can be said to constitute only a single "center[] of social or economic influence." (internal citation omitted) As such, we find that the

defendants here, as members of the same collective entity, are similarly situated to the defendants in Hartman. As in Hartman, the conspiracy alleged in the instant case had a rather limited object--stifling Wright's effort to air her personal and professional grievances--and, although its purported membership was greater-- thirteen officials as opposed to two--there has been no allegation of the kind that the Hartman panel suggested might require us to disregard the doctrine. (internal citation omitted) In sum, then, except in egregious circumstances, intra-entity discussions that result in discriminatory or retaliatory actions lie outside the scope of § 1985. Finding no such circumstances alleged here, we affirm the dismissal of Wright's § 1985(2) claim. *Id.*

Further, Plaintiff makes no argument to this Court that could cause this Court to expand or change the existing law. The intra-corporate conspiracy doctrine applies to the undisputed facts alleged in this case, and therefore the *Section* 1985 claim must be dismissed.

**Plaintiffs' prayer for punitive damages should be stricken**

The Supreme Court has ruled that a municipality is immune from punitive damages under § 1983. *Ferguson v. Joliet mass transit Dist.*, 526 F. Supp. 222, 223 (N.D. Ill. 1981). Accordingly, this Court should strike the portion of the complaint seeking punitive damages under § 1983.

## CONCLUSION

For the reasons set forth herein, Defendant moves to dismiss Counts III, IV, V and deny Plaintiffs' prayer for punitive damages.

RICHARD A. DEVINE

State's Attorney of Cook County

By:  S/Jamieson B. Bowman
     Jamieson B. Bowman
     Assistant State's Attorney
     Labor/Employment Section
     500 Richard J. Daley Center
     Chicago, Illinois 60602
     (312) 603-3032