# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

VIETTA L. JOHNSON, M.D. and DANIEL )
IVANKOVICH, M.D., )
                              )
    Plaintiffs,                )
                              )    No. 08 C 2139
    v.                        )
                              )    Magistrate Judge Susan E. Cox
COOK COUNTY BUREAU OF HEALTH )
SERVICES, ROBERT R. SIMON, )
AARON HAMB, and )
CLIFFORD CRAWFORD, )
                              )
    Defendants.              )

## MEMORANDUM OPINION AND ORDER

Before the Court is a motion to compel, filed by plaintiffs Vietta Johnson, M.D., and Daniel Ivankovich, M.D. against defendants Cook County Bureau of Health Services, Robert Simon, M.D., Aaron Hamb, M.D., and Clifford Crawford, M.D. [dkt 74]. After being laid off from their positions at Provident Hospital ("Provident"), plaintiffs filed a lawsuit alleging race discrimination, sex discrimination, a First Amendment retaliation claim, and a Fourteenth Amendment equal protection claim. Plaintiffs now seek certain responses to interrogatories and documents from defendants.[1] In addition to filing their motion, to support their position plaintiffs have also tendered to the Court the hundreds of pages of discovery responses that defendants contend satisfy plaintiffs' request. After spending over 20 hours of the Court's time checking these documents against the interrogatories and document requests, the Court is prepared to rule. The following is an overview of the Court's

---

[1] *See* Fed.R.Civ.P. 37(a).

findings.

> **Interrogatory #4**: As to Stroger, Oak Forest and Provident Hospitals, please state for each individually, the following:
> a. the number of Black physicians on staff;
> b. the number of female physicians on staff;
> c. the number of Asian physicians on staff.

Here, plaintiffs seek a corrected response to interrogatory 4, alleging that defendants have provided a document that is unreliable and, though it purports to list all physicians in the County system by race and sex, it does so incorrectly. Plaintiffs have produced two affidavits (one from each plaintiff) stating that after review of the defendants' answer to this interrogatory, which was provided as a list, several individuals' races were incorrectly marked. For example, Dr. Johnson's affidavit notes that Robert Simon, M.D. is listed on defendants' document as Asian, when in fact Dr. Simon is white. Also, Stephen Roskam, M.D. is listed as Asian but he is also, in fact, white. Dr. Johnson's affidavit next notes that Jamiere Smith, M.D. is listed on defendants' list as white, but he is actually black. Her affidavit goes on to list additional individuals and the races that defendants' document claims those individuals to be, as compared to her personal knowledge of their races. Dr. Ivankovich's affidavit provides similar information for other individuals.

Because it appears that such a large number of physicians are incorrectly classified, defendants are instructed to resubmit a verified, corrected, response to interrogatory number 4.[2]

> **Interrogatory #5**: Defendants must list all Medical Division Chairman (XII) and Medical Attending Physicians at Stroger Hospital, Oak Forest Hospital, and Provident Hospital from 1998 through present and for each state race, date of hire, salary throughout and whether full

---

[2] *See* Fed.R.Civ.P. 26(e)(1)(A)(providing that a party who has responded to an interrogatory is required to correct any response in a timely manner if that party learns that "in some material respect" the "response is incomplete or incorrect...").

or part-time.

Plaintiffs initial complaint with defendants' response was that they provided data on Medical Chairman only, and for just one year. Defendants have since amended their response and plaintiffs now claim that none of the bates stamped documents defendants refer to are completely responsive. Our extensive review concludes the same. The Court could not locate bates stamped documents 08584-08588, despite defendants' reference to those documents. As to the 12 other sets of documents that defendants have provided, which they claim to be responsive to this interrogatory (09003-09013; 09057-09060; 09141-09149; 09076-09079; 09085-09087; 09122-09129; 00291-01305; 09284-09303; 10124–10126; 10119-10123; 06120-06141; 03400-03410; 03527-03534; and 03458-03459), the Court determines each set to be unresponsive as to either one, or several, of the categories included in the interrogatory request. Without repeating those deficiencies here (which are essentially those noted by plaintiffs), we order defendants to fully answer this interrogatory.

**Interrogatory #13**: Defendant must state whether it hired, assigned, contracted with or engaged in any way whatsoever, orthopedic surgeons to provide services at Provident Hospital since April 2007 and if so, state name, title, date of hire, race, salary and supervisor.

Plaintiffs argue that defendants continue to evade answering this interrogatory by unilaterally limiting it to the Provident Hospital budget. Plaintiffs also note that defendants have failed to provide race or salary information. The Court agrees. Defendants' response, that they have not contracted orthopedic surgeons under the Provident Hospital budget, only partially answers the question. Defendants are, thus, ordered to respond to this interrogatory in full.

**Document Request #8**: Lay-off plan referred to in April 10, 2007 lay-off letter.

Plaintiffs assert that defendants failed to provide a lay-off plan and argue that they are

required to either provide it, or state that there was none. Here, again, the Court agrees. First, in reviewing the documents provided to the Court, it is impossible to tell if bates stamped documents 02638-02641 are the beginning of a plan for lay-offs. Those documents do, in fact, reference restructuring and possible future lay-offs. But it is merely a spreadsheet, with the title "On-call Incharge Pay and Charegebacks" for fiscal year 2007. Defendants also refer to bates stamped documents 08208-08240 but, as noted by plaintiffs, those documents were not produced. Defendants next point to bates stamped documents 01699-01897, but there is no mention of a lay-off plan in these documents either. These are simply memos regarding possible lay-offs and a restructuring plan relating to moving a medical unit from one location to another.

Next, we will briefly address the remaining sets of documents that defendants produced in response to this document request, after the filing of this motion to compel. All of the following bates stamped documents are deficient, as noted: 01904-01989 do not deal with a lay-off plan and plaintiff correctly contends that they are duplicative; 07643-07764 could not be found, as they fall within the range of documents between 07000-08999 (which is the group of documents the Court could not find); 02051-02057 reference individuals targeted for lay-offs at Provident Hospital, but do not detail possible transfers or severance packages; 02079-02109 references employees targeted for lay-offs at Provident Hospital with some memos referencing a lay-off package, but no memos explain what these possible packages might be (and other memos reference employees that were originally slated for lay-offs who were subsequently taken off the list); 02126-02128 reference the 2007 budget at Provident Hospital with a line item that refers to a $1 million expenditure to pay for proposed lay-offs but, again, no lay-off plan is mentioned; 02129-02176 are again duplicative documents and in no way reference a lay-off plan; 02135-02166 are included in the previous group

and are not related to a lay-off plan; 02033-02050 is a hospital restructuring plan, not a lay-off plan; and finally, 02026-02032 references lay-offs and certain political ramifications, but it is not a lay-off plan. Defendants are, thus, directed to provide to plaintiffs, not a stack of documents for plaintiffs to search through, but the specific lay-off plan, as referred to in the April 10, 2007 lay-off letter (which the Court, however, has not seen).

**Document Request #10 & 11**: List of salaries of Medical Division Chairman and attending physicians at Provident, Stroger, and Oak Forest Hospitals for the relevant period (January 1998 through present).

After initially responding to these document requests by requiring plaintiffs to review a stack of documents at the Cook County State's Attorney's Office, defendants now contend that their response is the same as that provided for in interrogatory 5, which references 15 different sets of documents (see above). But in all of the Court's searching, we could not locate a comprehensive document that lists physicians' salaries broken down by hospital from 1998 to present. The most relevant documents the Court found were included in exhibits DD, M1, and M2 (which are not responsive to interrogatory 5) where there are County documents that list full-time physician salaries broken down by specialty for the years 2005, 2006, and 2007.

An additional example of defendants' insufficient responses can be seen in exhibit M2. This exhibit begins at bates stamp 00678 and ends at 01305. This exhibit contains 627 pages but only 26 pages (01104-01107; 01157-01176; 01200-01203) are even remotely relevant to the request, and those relate to the year 2006 only. The other documents are the entire proposed budget for all of Cook County's departments (and again, the Court determined this only after paging through everything provided). Defendants are, thus, ordered to limit their answer to only those documents

that are, in fact, salaries of Medical Division Chairman and attending physicians. In addition, defendants' next attempt at a response - though this should go without saying - should be complete.

**Document Request # 13**: Any and all physicians hired, assigned or engaged in any way to provide Orthopedic services at Provident after April of 2007. It does not matter where defendant has budgeted these services.

Here, again, defendants respond by referring plaintiffs to another interrogatory response, this time interrogatory 13. After the Court's search through the records, however, we did not locate any documents responsive to whether there were physicians hired, assigned or engaged to provide orthopedic services at Provident after April 2007, regardless of where it was budgeted. So if defendants' response is that no orthopedic services were budgeted by Provident Hospital, they are required to say as much, under oath. But referring to another interrogatory response, which is not even relevant, is wholly insufficient.

**Document Request # 20**: Minutes of all meetings of the Department of Orthopedics and Podiatric Surgery at Provident, Stroger, and Oak Forest Hospitals between 1998 and present.

Defendants initially responded by objecting to this request as overly broad and burdensome. After plaintiffs filed the previous motion to compel, defendants made documents available at their office for review, with no results. Now defendants' response is that they are not in possession of any such documents. Our ruling is repeated here; defendants are required to fully respond to this request or state why they are unable to do so. Specifically, if defendants now believe that no such documents exist, defendants are ordered, under oath, to first state whether they believe they have ever had such documents. Defendants are then directed to explain what their document retention policy is and to outline whether the documents were lost or destroyed.

**Document Request #21, 22, 23**: Employment contracts for Drs. Simon, Hamb and Crawford.

In response to this request here, too, defendants initially allowed plaintiffs to go through documents in their office. After plaintiffs could not locate the contracts, defendants amended their response, stating that they were not in possession of, nor could they locate, the requested documents. Defendants now also state that none of these defendants were under contract with the County. Here again defendants must explain their response. If defendants now believe that no such documents exist, defendants are ordered, under oath, to state whether they believe they have ever had such documents. If so, defendants are directed to explain what their document retention policy is and then outline whether the documents were lost or destroyed.

**Document Request #24**: Payroll Register for Medical Division Chairman (XII) and Medical Attending Physicians at Provident, Stroger, and Oak Forest Hospitals for the relevant period (January 1998 through present).

Plaintiffs assert that they have received from defendants a payroll register the year 2001 only, and for physicians at Provident Hospital only. Defendants counter that they are not in possession, and could not locate, the requested documents despite having told plaintiffs that the Cook County Comptroller's office was retrieving the requested payroll registers. If defendants do not have this information, they are required to verify and so state in their response. As noted above, defendants are directed to explain their document retention policy with respect to payroll registers and include in their answer whether the documents were lost or destroyed.

**Document Request #27**: Provider Service Volume Reports for Orthopedic and Podiatric Surgeons at Stroger and Oak Forest Hospitals (also for Oral Surgeons as per Dr. Nash's request).

Defendants produced a CD of an excel spreadsheet that shows some of the requested material, but defendants do not answer where the doctors performed the procedures. Plaintiffs also reject the spreadsheet because it can be manipulated, arguing that the data is suspect. Defendants also argue that plaintiffs received a document bates stamped 00054A, which neither plaintiffs, nor the Court, can locate. Defendants' answer here requires further explanation. Defendants are instructed to resubmit a verified, corrected, answer to this document request.

**Document # 28**: Operative Monthly Statistics for Stroger and Oak Forest.

Defendants' initial response was that they were not aware of the existence of such a document or documents and now, in addition to that same response, refer plaintiffs to documents 00054A and 00055A-00059A. Neither the Court, nor plaintiffs, could locate these documents. Defendant is directed to tender to plaintiffs the responsive documents that it claims it already turned over. But if defendants do not have this information, they are required to verify and so state in their response. Again, defendants are directed to explain their document retention policy with respect to these types of statistics, if they are kept, and include in their answer whether the documents were lost or destroyed.

In light of these rulings, we find it appropriate to outline the requirements of Federal Rule of Civil Procedure 33. That Rule requires a responding party to "specify[] the records that must be reviewed [to derive the answer], in sufficient detail to enable the interrogating party to locate and identify [the answer] as readily as the responding party could."[3] Rule 33 also requires that answers to interrogatories be verified and signed by the person answering the interrogatory, which "serves

---

[3] Fed.R.Civ.Pro. 33(d)(1).

the critical purpose of ensuring that the responding party attests to the truth of the responses."[4] In this case, however, the Court has confirmed that there is a significant amount of missing information or simply incorrect information. And if it is even possible, to piece everything together would take plaintiffs an inordinate amount of time. This is a clear violation of Rule 33. Discovery is not a game of hide-and-seek. Defendants were required to make some serious effort to see that the responses given to these discovery requests were both accurate and complete. "The very integrity of the civil justice system depends on compliance with the discovery rules...when discovery requests are made by a party, the party to whom the request is made has an obligation to respond accurately and fully."[5]

Because this did not happen here, and because the Court has committed substantial judicial resources to reviewing the parties' submissions - and resolving a dispute that should not have come to this cumbersome state - the Court awards sanctions to plaintiffs for their preparation of this motion.[6] Plaintiffs are to prepare and submit a fee petition on or before March 18, 2010. Defendants are directed to supplement their responses to the interrogatories and the document requests on or before March 19, 2010. The Court hopes that in future exchanges the parties will demonstrate a greater degree of collegiality and make a good faith effort to resolve their discovery disputes.

**IT IS SO ORDERED.**

**ENTERED: March 11, 2010**

**UNITED STATES MAGISTRATE JUDGE**
Susan E. Cox

---

[4] *Villareal v. El Chile, Inc.*, 2010 WL 725557 (N.D. Ill. March 1, 2010).

[5] *Hogue v. Fruehauf Corp.*, 151 F.R.D. 635, 639 (C.D. Ill. 1993).

[6] *See* Fed.R.Civ.Pro. 37(d)(3); *see also Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994)(discussing fee shifting when the judge must rule on discovery disputes, quoting CHARLES ALAN WRIGHT & MILLER, 8 FEDERAL PRACTICE AND PROCEDURE §2288 at 787 (1970), "[t]he great operative principle of Rule 37(a)(4) is that the loser pays.").