UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VIETTA L. JOHNSON, M.D., and DANIEL IVANKOVICH, M.D., | ) ) ) | |
| Plaintiffs, | ) ) | 08 C 2139 |
| vs. | ) ) | Judge Feinerman |
| COUNTY OF COOK, ROBERT R. SIMON, M.D., AARON HAMB, M.D., and CLIFFORD CRAWFORD, M.D., | ) ) ) ) | |
| Defendants. | ) ) | |
| KAREN NASH, M.D., | ) ) ) | |
| Plaintiff, | ) ) | 08 C 3648 |
| vs. | ) ) | Judge Feinerman |
| COUNTY OF COOK, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Drs. Vietta L. Johnson, Daniel Ivankovich, and Karen Nash brought the first of these two consolidated suits against Cook County (their former employer) and Drs. Robert Simon, Aaron Hamb, and Clifford Crawford, alleging First Amendment and Equal Protection Clause violations under 42 U.S.C. § 1983 and claims under 42 U.S.C. § 1985, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Equal Pay Act, 29 U.S.C. § 206(d)(1). Doc. 1 (all record citations are to Case 08 C 2139 unless otherwise indicated). Drs. Johnson and Ivankovich then filed an amended complaint, which alleged the same claims and terminated Dr. Nash as a

-1-

plaintiff. Doc. 16. The same day, Dr. Nash filed her own suit against Cook County, alleging violations of Title VII and the Equal Pay Act. Doc. 1 (08 C 3648).

The § 1985 claims were dismissed. 2009 WL 331531 (N.D. Ill. Feb. 10, 2009) (Cox, M.J.). After extensive discovery, Defendants filed a motion for summary judgment on the remaining claims, Doc. 205, which the court granted in part and denied in part, 2012 WL 2905485 (N.D. Ill. July 16, 2012). Familiarity with that decision is assumed. To summarize, summary judgment was granted to Defendants on Dr. Nash's and Dr. Johnson's termination claims under Title VII and the Equal Protection Clause, Dr. Ivankovich's retaliation claim under the Equal Protection Clause, and Dr. Nash's and Dr. Johnson's Title VII hostile work environment claims; summary judgment was denied on Dr. Johnson's and Dr. Ivankovich's First Amendment retaliation claims, Dr. Ivankovich's Title VII retaliation claim, and Dr. Johnson's and Dr. Nash's Title VII and Equal Pay Act wage discrimination claims.

Drs. Johnson and Nash have moved the court to reconsider its ruling on their termination claims under Title VII and the Equal Protection Clause. Doc. 280. In seeking summary judgment on those claims, Defendants argued that this is a reduction-in-force ("RIF") case and that, to prevent summary judgment under the indirect method, Plaintiffs had to establish as the fourth element of their prima facie case that "similarly situated employees who were not part of [Plaintiffs' protected] class were treated more favorably" than Plaintiffs. Doc. 239 at 5. Defendants asserted that "Dr. Johnson cannot meet her burden to establish *prima facie* evidence … that similarly situated employees who were not part of her class were treated more favorably," *id*. at 7, and that "Dr. Nash cannot establish that similarly situated employees who were not part of the protected class were treated more favorably," *id*. at 12. To support their submission, Defendants argued *only* that Plaintiffs were not similarly situated to the other

-2-

employees; Defendants did *not* maintain that Plaintiffs could not prove that those other employees were not part of the protected class. *Id*. at 5-9, 12.

Drs. Johnson and Nash responded that this is a mini-RIF case, not a traditional RIF case, meaning that as the fourth element of their prima facie case under the indirect method, they had to establish only that "their duties were absorbed by employees not in the protected classes." Doc. 265 at 20-21. Plaintiffs pointed to record evidence that their duties were indeed absorbed by other employees. *Id*. at 20. The court agreed with Plaintiffs that this is a mini-RIF case, and did not take issue with their evidence that their duties had been absorbed by other employees. But the court nonetheless held that Plaintiffs had failed to satisfy the fourth element of their prima facie case because they had failed to properly present evidence that the employees who absorbed their duties were not members of the protected class. 2012 WL 2905485, at *11-14. And because Plaintiffs' invocation of the direct method also failed, *id*. at *8-11, the court granted summary judgment to Defendants on Dr. Johnson's and Dr. Nash's Title VII and equal protection termination claims.

As Plaintiffs correctly maintain in their reconsideration motion, that was error on the court's part, because Defendants had not argued that summary judgment could be grounded on a lack of evidence that the employees who had absorbed Plaintiffs' duties were not in their protected class. Because Defendants had not made that argument, Plaintiffs were not obligated to adduce evidence on that point. *See Costello v. Grundon*, 651 F.3d 614, 634-35 (7th Cir. 2011) ("The nonmovant is not required to present evidence on an issue not raised by the movant."); *Sublett v. John Wiley & Sons, Inc.*, 463 F.3d 731, 736 (7th Cir 2006) ("As a general matter, if the moving party does not raise an issue in support of its motion for summary judgment, the nonmoving party is not required to present evidence on that point, and the district court should

-3-

not rely on that ground in its decision."); *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 979 (7th Cir. 1996) ("Only after the movant has articulated with references to the record and to the law specific reasons why it believes there is no genuine issue of material fact must the nonmovant present evidence sufficient to demonstrate an issue for trial."). True, Defendants had argued that Plaintiffs could not show that "similarly situated employees who were not part of [Plaintiffs' protected] class were treated more favorably." Doc. 239 at 5. But that inquiry encompasses multiple components: (1) whether the other employees were similarly situated to Plaintiffs; (2) whether the other employees were members of the protected class; and (3) whether the other employees were treated more favorably than Plaintiffs. Defendants had focused on only one of those components—whether the other employees were similarly situated—and that component was mooted by the court's determination that this is a mini-RIF case, which does not require the plaintiff to show that she and the other employees were "similarly situated." 2012 WL 2905485, at *11. Accordingly, Plaintiffs did not have to present evidence that the other employees were outside the protected class; under the above-cited precedents, the court was wrong to fault them for having failed to do so. *See Titran v. Ackman*, 893 F.2d 145, 148 (7th Cir. 1990) ("[w]hen a party moves for summary judgment on ground A, the opposing party need not address grounds B, C, and so on").

     Defendants raised two other arguments to support summary judgment on Dr. Johnson's and Dr. Nash's Title VII and equal protection termination claims. The first was that Drs. Johnson and Nash did not meet their employer's legitimate expectations, as required by the second element of the indirect method's prima facie case. Doc. 239 at 7-8, 12. The argument is without merit. "When considering whether an employee is meeting an employer's legitimate expectations, th[e] court looks to whether she was performing adequately at the time of the

adverse employment action." *Dear v. Shinseki*, 578 F.3d 605, 610 (7th Cir. 2009).  Defendants asserted that the termination decision "was *not* based on the individual productivity of doctors," and then argued that Plaintiffs were terminated because their departments were less busy than others and because their duties could be absorbed by other employees, rendering them nonessential.  Doc. 239 at 7 (emphasis added).  None of that suggests that Plaintiffs were not "performing adequately"; at most, it suggests that despite Plaintiffs' adequate performance, they were no longer needed.  Defendants' argument therefore goes not to Plaintiffs' prima facie case, but to the third step of the indirect method, which requires the plaintiff to show that the defendant's legitimate, nondiscriminatory rationale for terminating the plaintiff (the indirect method's second step) is pretextual.  *See Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006).

Defendants' other argument is that Plaintiffs failed to satisfy the third step of the indirect method.  Doc. 239 at 6-7, 9-10, 12-13.  The argument was answered by the court's summary judgment order, which recognized that Plaintiffs had adduced evidence "that Defendants' explanation for why Drs. Johnson and Nash were terminated is pretextual—that is, that the explanation is a lie rather than the true reason they were terminated."  2012 WL 2905485, at *9.  That discussion took place in the section of the order addressing Plaintiffs' effort to defeat summary judgment under the direct method, with the court holding that Plaintiffs' pretext evidence did not satisfy their burden under that method.   But the pretext evidence does come into play under the indirect method now that it has been shown that Plaintiffs in fact made their prima facie case.

Accordingly, because the court's summary judgment order articulated no valid ground for granting summary judgment on Dr. Johnson's and Dr. Nash's termination claims under Title

VII and the Equal Protection Clause, and because the grounds actually put forth by Defendants are without merit, Plaintiffs' motion for partial reconsideration is granted. Defendants' motion for summary judgment is denied as to those claims, which will be tried along with the other claims already found to have survived summary judgment.

September 5, 2012                 _____
                                                      United States District Judge